Victor A. COFFEY, Petitioner,

v.

UNITED STATES POSTAL SERVICE, Respondent.

No. 01–3034.

United States Court of Appeals, Federal Circuit.

May 11, 2001.

Before NEWMAN and BRYSON, Circuit Judges, ARCHER, Senior Circuit Judge.

DECISION

PER CURIAM.

Victor A. Coffey seeks review of the decision of the Merit Systems Protection Board, Docket No. NY–0752–91–0454–X–3,

dismissing his petition for enforcement of a previous Board decision. Because the United States Postal Service has complied with the Board's previous decision and because many of the issues that Mr. Coffey seeks to raise were not properly before the Board in this enforcement proceeding, *we affirm.*

## BACKGROUND

Mr. Coffey has engaged the Postal Service in a series of disputes before the Board, the Equal Employment Opportunity Commission (EEOC), and this court. The events leading to this appeal began in 1988, when Mr. Coffey resigned from his job at the Postal Service. Mr. Coffey filed an appeal with the Board asserting that his resignation was involuntary and alleging that he had been subjected to discrimination based on race and handicapped status. The Board determined that Mr. Coffey's resignation had been involuntary and ordered the Postal Service to cancel the resignation, reinstate him to his former position, and grant him back pay with interest. The Board also ruled, however, that Mr. Coffey had failed to present a prima facie case of discrimination based on either race or handicapped status. Mr. Coffey then appealed the Board's decision on discrimination to the EEOC. *See* 5 U.S.C. § 7702(b)(1). The EEOC concurred with the Board's decision.

Mr. Coffey was subsequently removed from the Postal Service on May 31, 1995. He appealed his removal, but the Board dismissed his appeal as untimely. In a subsequent action, the Office of Personnel Management granted Mr. Coffey disability retirement retroactive to April 29, 1994, the last day he was in pay status.

Mr. Coffey has filed several petitions for enforcement of the original order granting him back pay and reinstatement. In the enforcement action from which this appeal derives, which was filed on December 10, 1996, Mr. Coffey argued that the Postal Service had improperly forced him to use annual leave after the Board ordered his reinstatement and before he retired; that the Postal Service improperly withheld bonuses to which he was entitled under the collective bargaining agreement that applied during his back pay period; that his annuity had been improperly calculated; and that the Board had improperly terminated the "interim relief" it had granted during litigation over the Postal Service's refusal to allow him to return to work after he was ordered reinstated.

In the course of the proceedings on the instant petition for enforcement, the Postal Service presented evidence to the Board that under the collective bargaining agreement Mr. Coffey was due a bonus payment of $211 and a cost-of-living credit of $140. Mr. Coffey did not dispute the amount of those bonuses nor did he dispute that he had received both payments.

The dispute over annual leave related to the 13–week time period prior to April 29, 1994, the effective date of his disability retirement. Originally, Mr. Coffey had been required to use his accrued annual leave, rather than sick leave, to cover that period. Because retiring employees are paid for residual annual leave days, but not for residual sick leave days, the use of the annual leave days resulted in a loss to Mr. Coffey. The Board agreed with Mr. Coffey that sick leave should have been used for that 13–week period and ordered the Postal Service to pay Mr. Coffey for his wrongfully depleted annual leave. The Board further directed that the annual leave payment include interest accrued since 1994. The Postal Service subsequently paid Mr. Coffey the sums of $8,817.69 for his accrued annual leave and $5,218.67 in interest.

With respect to the two remaining issues, the Board held that the amount of Mr. Coffey's annuity was not properly before the Board and that his objection to the premature termination of interim relief was moot in light of the Board's earlier order granting him full back pay retroactive to the date of his removal.

Shortly after the Board entered its order directing the Postal Service to pay Mr. Coffey interest on the annual leave payment, Mr. Coffey submitted a letter contending that the Board had erred by "dismissing [his] claim of discrimination" and his "claim of work related injuries." In the letter, he complained about the Postal Service's conduct in connection with his resignation, his removal, his claims for work-related injuries, and his claim of discrimination. The Board denied the relief that Mr. Coffey requested in the letter. It stated that it viewed the allegations in the letter as "a request for reconsideration of the initial decision on the merits, which became final on April 21, 1992, after the Board denied the agency's petition for review of the original decision." The Board explained that it "will not reconsider the merits of a case in the context of a compliance action."

## DISCUSSION

In his petition for review by this court, Mr. Coffey does not claim that the Postal Service has failed to pay him the bonuses and annual leave payments he was due, which were the subjects of the enforcement action from which this petition derives. Instead, he is seeking to relitigate issues that were settled by previous Board decisions–in particular, the 1991 denial of his discrimination claims and the 1995 dismissal of the appeal from his removal. The Board properly refused to consider those issues in this action for enforcement. The earlier Board actions relating to Mr.

Coffey's resignation and removal have become final, and principles of *res judicata* bar the relitigation of those claims. Moreover, as the Board noted, an enforcement action is designed to enforce an earlier Board order, not to relitigate whether the earlier order was correct.

In his petition, Mr. Coffey requests relief of a variety of sorts, which can be generally summarized as follows: First, he requests that the Board order the Postal Service "to rescind its challenge [to his] worker compensation claim" and pay that claim. Second, he requests that the Postal Service be ordered to "buy-out the remainder of [his] contract." Third, he requests that the Postal Service be sanctioned for various acts relating to his workers compensation claim, his removal action, the alleged misuse of medical records, and other "deceitful acts" during the period of his employment.

 None of those issues were properly before the Board in this enforcement action. Allegations regarding Mr. Coffey's workers compensation claim are not pertinent to the enforcement of any prior Board order. Moreover, the Board has no jurisdiction over a workers compensation claim. *See* 5 U.S.C. § 8128(b)(2). The argument that the Postal Service should "buy-out" Mr. Coffey's contract has no relation to any prior Board order. And the allegations of deceit and misconduct by Postal Service employees similarly do not relate to any order that was properly before the Board for enforcement.

 The issues relating to Mr. Coffey's claim of wrongful termination have already been litigated; they resulted in dismissal by the administrative judge on timeliness grounds and cannot be relitigated in this enforcement proceeding. Thus, for example, Mr. Coffey asserts that the Postal Service deceived him into postponing his

appeal to the Board and that equitable tolling should be applied to permit him to reopen the 1995 dismissal. That issue is not properly before us, because Mr. Coffey never appealed the Board's 1995 order of dismissal. The issue of the correctness of the 1995 dismissal of his appeal is therefore *res judicata* and bars his present effort to relitigate issues that were, or could have been, litigated in connection with that appeal.