# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

LINDA W. WEISS,
       Appellant,

      v.

DEPARTMENT OF VETERANS
  AFFAIRS,
       Agency.

DOCKET NUMBER
NY-0707-16-0149-C-1

DATE: June 15, 2022

# THIS ORDER IS NONPRECEDENTIAL[1]

Conor D. Dirks, Debra L. Roth, Esquire, and James Garay Heelan, Esquire, Washington, D.C., for the appellant.

Kimberly Negley, Esquire, St. Louis, Missouri, for the agency.

Stephen F. Butera, Esquire, Clarksburg, West Virginia, for the agency.

Xan DeMarinis, Esquire, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**ORDER**

¶1     The agency has filed a petition for review of the compliance initial decision, which granted the appellant's petition for enforcement and found the agency in noncompliance with:  (1) a February 5, 2016 decision reversing the appellant's removal under the Veterans Access, Choice, and Accountability Act of 2014 (the Choice Act), Pub. L. No. 113-146, § 707, 128 Stat. 1754, 1798; and (2) an order in a February 16, 2016 supplemental decision directing the agency to cancel the appellant's removal, reinstate her to her former position, and provide her with back pay, interest on back pay, and benefits.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review.  Except as expressly MODIFIED to eliminate consideration during compliance proceedings of the agency's arguments regarding the decisions on the merits of the underlying case, we AFFIRM the compliance initial decision.

**BACKGROUND**

¶2     Effective January 12, 2016, the agency removed the appellant from her Senior Executive Service position as Director of the Albany, New York Veterans Administration Medical Center pursuant to the Choice Act, based on a charge that

she failed to take timely action regarding information indicating that a Nursing Assistant should not be involved in direct patient care. *See Weiss v. Department of Veterans Affairs*, MSPB Docket No. NY-0707-16-0149-J-1, Appeal File (AF), Tab 48 at 5-6, 8-10, 23-25. On January 16, 2016, the appellant filed a timely Board appeal challenging her removal.[2] AF, Tab 1.

¶3    The Choice Act, as codified at 38 U.S.C. § 713(e)[3], provided for expedited and limited review by the Board of the agency's action. Specifically, 38 U.S.C. § 713(e)(1) provided that, in an appeal of a transfer or removal of a member of the Senior Executive Service, an administrative judge "shall issue a decision not later than 21 days after the date of the appeal." The Choice Act further provided that an administrative judge's decision was final and was not subject to further appeal, and that if an administrative judge failed to issue a decision within 21 days, the agency's transfer or removal decision would be final. 38 U.S.C. § 713(e); *see* 5 C.F.R. § 1210.20(b).

¶4    On February 5, 2016, 20 days after the appellant filed her Board appeal, the Chief Administrative Judge for the Board's New York Field Office issued a brief decision, which reversed the appellant's removal. AF, Tab 71, Decision. The decision stated that the reasons for the reversal would be explained in a subsequent separate formal decision.[4] Decision at 2. On February 16, 2016, 31 days after the appellant filed her Board appeal, the Chief Administrative Judge issued a supplemental decision, in which he concluded that the agency proved the charge, finding that, although the appellant devoted efforts to reassigning the

---

[2] Subsequently, the appellant waived her right to a hearing. AF, Tab 52 at 1.

[3] In this order, we rely on the version of 38 U.S.C. § 713 in effect in 2016, at the time of the appellant's removal and when the underlying removal appeal was adjudicated.

[4] The subsequently issued supplemental decision explained that the Chief Administrative Judge did not set forth the reasons for reversing the appellant's removal in the February 5, 2016 decision due to "a major technical problem associated with the preparation of this decision and an exhaustive review of the voluminous appeal file." AF, Tab 73, Supplemental Decision at 1 n.1.

Nursing Assistant to a position that did not involve direct patient care, she failed to exercise proper oversight and monitoring to ensure that the Nursing Assistant was either removed from direct patient care or was subject to close supervision while the reassignment was pending. AF, Tab 73, Supplemental Decision at 10-15. The Chief Administrative Judge found that the appellant failed to prove any of her affirmative defenses. *Id.* at 15-20. However, he determined that the penalty of removal was unreasonable under the circumstances, considering, among other things, the appellant's 42 years of service, lack of prior discipline, the nature of the Nursing Assistant's conduct at issue, and the appellant's mistaken belief that the Nursing Assistant was under constant supervision during the time period at issue in the charge. *Id.* at 20-27. The Chief Administrative Judge further noted that, days after the Deputy Secretary of the agency proposed the appellant's removal, he issued her a letter congratulating her on the "remarkable achievement" of the Albany New York Veterans Administration Medical Center being recognized as "one of the Highest Performing Hospitals in Healthcare Quality for 2015." *Id.* at 22; AF, Tab 10 at 18. Accordingly, the Chief Administrative Judge reversed the appellant's removal, ordered the agency to cancel the removal, reinstate her to her former position, and provide her with back pay, interest on back pay, and other benefits. Supplemental Decision.

¶5        On March 4, 2016, the appellant filed a petition for enforcement, in which she alleged that the agency failed to restore her to duty or otherwise comply with the decision. *Weiss v. Department of Veterans Affairs*, MSPB Docket No. NY-0707-16-0149-C-1, Compliance File (CF), Tab 1.[5] In response, the agency argued that it was not required to comply because the February 5, 2016 decision was not a valid decision under the Choice Act, and the February 16,

---

[5] With her petition for enforcement, the appellant submitted evidence that, in reliance on the February 5, 2016 decision reversing her removal, she had withdrawn the retirement application she submitted to the agency effective January 12, 2016. CF, Tab 1 at 14, 25. Pursuant to 5 U.S.C. § 7701(j), the appellant's retirement status is not taken into account in determining whether she had the right to appeal her removal.

2016 supplemental decision, which the agency agreed would otherwise constitute a valid decision, was issued after the 21-day deadline set forth in 38 U.S.C. § 713(e)(1).  CF, Tab 5 at 5-11, Tab 10.  Therefore, the agency contended that, because the Chief Administrative Judge did not issue a valid final decision within 21 days, the agency's removal action was final pursuant to 38 U.S.C. § 713(e)(3). CF, Tab 5 at 11, Tab 10 at 4, 12.

¶6    On May 26, 2016, the Chief Administrative Judge issued a compliance initial decision granting the appellant's petition for enforcement.[6]  CF, Tab 11, Compliance Initial Decision (CID).  He found that the February 5, 2016 decision reversing the appellant's removal was a valid decision under the Choice Act, and that the agency was obligated to comply with the order in the February 16, 2016 supplemental decision.  CID at 5-14.  He further found that the agency was in noncompliance with the February 5, 2016 decision and the order in the February 16, 2016 supplemental decision.  CID at 15.

¶7    The agency has filed a timely petition for review of the compliance initial decision, and the appellant has responded in opposition to the petition for review. Petition for Review (PFR) File, Tabs 1, 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

Portions of 5 U.S.C. § 713 have been ruled unconstitutional.

¶8    While this compliance matter was pending on review, the agency requested that the Board stay further proceedings until the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) issued a decision in *Helman v. Department of Veterans Affairs*, 856 F.3d 920, 926 (Fed. Cir. 2017), an appeal in which the Department of Justice (DOJ) argued that 38 U.S.C. § 713(e)(2), the provision of the Choice Act prohibiting further review of an administrative judge's decision,

---

[6] On May 27, 2016, and on June 7, 2016, the Chief Administrative Judge issued two erratum orders correcting typographical errors in the compliance initial decision.  CF, Tabs 13, 15.

was unconstitutional.[7]  PFR File, Tab 1 at 7-8, 19-20.  The Board granted the agency's request in a December 1, 2016 Order.  PFR File, Tab 4.

¶9  On May 9, 2017, the Federal Circuit issued its decision finding unconstitutional the provisions of the Choice Act vesting the authority to make final decisions with the Board's administrative judges.  *Helman*, 856 F.3d at 929-30.  The court reasoned that the significant authority to make final administrative decisions in appeals under the Choice Act could only be made by officers of the United States—individuals appointed by the President with the advice and consent of the Senate—and not by "a lesser functionary who is subordinate to officers of the United States," such as the Board's administrative judge.  *Id.* at 927-30.  Although it found the portions of the Choice Act precluding Board review of decisions by administrative judges unconstitutional, the court did not invalidate other portions of the Act, including those requiring expedited processing.  *Id.* at 936.  In sum, the court concluded that parties could file petitions for review of administrative judges' decisions made in cases brought under the Choice Act, seeking review by the Presidentially appointed and Senate confirmed Board members.

The Board has authority to consider the agency's petition for review of the compliance initial decision.

¶10  As noted above, as enacted, an administrative judge's decision regarding the merits of a removal action under the Choice Act could not be challenged before the Board through the petition for review process.  That restriction was, however, struck down by the Federal Circuit.  *Helman*, 856 F.3d at 927-30.  Thus, we discern no basis for limiting the agency's ability to file a petition for review

---

[7] DOJ further argued that, due to the alleged unconstitutionality of section 713(e)(2), the Federal Circuit should also sever and declare invalid section 713(e)(3), which provides that a removal or transfer under the Choice Act is final in any case in which an administrative judge fails to issue a decision within the 21-day deadline.  The court invalidated the portion of this provision that made the agency's decision final in the event an administrative judge was unable to render a decision in 21 days.  *See Helman*, 856 F.3d at 927, 929-31 & n.4.

of the Chief Administrative Judge's compliance initial decision. Furthermore, even absent the *Helman* decision, the Board's regulations applicable to the Choice Act provide that the ordinary procedures for enforcement of final decisions and orders set forth in 5 C.F.R. part 1201 apply to petitions for enforcement of decisions under the Choice Act. 5 C.F.R. § 1210.20(d)(1). Those procedures include the right of a party to file a petition for review of a compliance initial decision. 5 C.F.R. § 1201.183(a)(6)(ii).

<u>The agency cannot reargue during the compliance proceedings the validity of the Chief Administrative Judge's decisions reversing the removal action.</u>

¶11    In response to the appellant's petition for enforcement, the agency argued that, although the February 5, 2016 decision was issued within the 21-day limit set by 38 U.S.C. § 713(e), the decision did not constitute a proper decision. CF, Tab 5 at 5-11, Tab 10 at 4-12. The agency also argued that the February 16, 2016 supplemental decision was invalid, as it was issued more than 21 days after the appeal was filed. CF, Tab 5 at 6. In his May 26, 2016 compliance initial decision, the Chief Administrative Judge considered the agency's arguments and found that his February 5, 2016 decision was a valid decision under the Choice Act. CID at 3-14. The Chief Administrative Judge also found that the February 16, 2016 supplemental decision was legally enforceable and that the agency was required to comply with the decision. CID at 14. On petition for review of the compliance initial decision, the agency essentially repeats its arguments. PFR File, Tab 1 at 8-17.

¶12    If the agency disagreed with the Chief Administrative Judge's February 5, 2016 decision or February 16, 2016 supplemental decision, it could have filed a petition for review of those decisions after the Federal Circuit issued *Helman* on May 9, 2017, ruling that the Choice Act's provisions precluding that option were unconstitutional. *See Helman*, 856 F.3d at 927-30. Despite the court's ruling, the agency elected not to contest the Chief Administrative Judge's merits decisions

through the petition for review process.  The agency has offered no explanation for its failure to do so.

¶13        Having opted not to file a petition for review of the merits decisions, the agency cannot use the compliance proceeding to challenge the Chief Administrative Judge's findings on the merits of the action.  The Board has long held that it will not reconsider the merits of a case in a compliance proceeding. *E.g.*, *Henry v. Department of Veterans Affairs*, 108 M.S.P.R. 458, ¶ 24 (2008) (stating that the purpose of an enforcement proceeding is to obtain compliance with the Board's final order and not to revisit the merits of the case); *Coffey v. U.S. Postal Service*, 86 M.S.P.R. 632, ¶ 2 (2000) (finding that the Board will not reconsider the merits of a case in the context of a compliance action), *aff'd*, 10 F. App'x 912 (Fed. Cir. 2001); *Ben Espinoza v. Department of the Navy*, 69 M.S.P.R. 679, 683 (1996) (determining that because a compliance matter is an addendum to the decision on the merits, and not a reconsideration of the evidence in a new light, it is not appropriate to reconsider the merits issues in a compliance proceeding); *Hocker v. Department of Transportation*, 63 M.S.P.R. 497, 505 (1994) (holding that the Board will not reconsider the merits of an appeal in an enforcement proceeding), *aff'd*, 64 F.3d 676 (Fed. Cir. 1995) (Table).  To the extent that the Chief Administrative Judge considered the agency's arguments concerning the merits of the appeal during the compliance proceedings, he should not have done so.[8]

---

[8] Even if we were to consider the agency's arguments on review concerning the merits decisions, they essentially constitute mere disagreement with the Chief Administrative Judge's well-reasoned findings, and do not provide a basis to disturb the compliance initial decision.  *See Yang v. U.S. Postal Service*, 115 M.S.P.R. 112, ¶ 12 (2010) (finding that mere disagreement with the administrative judge's findings is insufficient to disturb the initial decision); *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (finding no reason to disturb an administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

<u>The Chief Administrative Judge properly found the agency in noncompliance with the February 5, 2016 decision and the order in the February 16, 2016 supplemental decision.</u>

¶14    On review, the agency does not dispute that it failed to comply with the February 5, 2016 decision or the order in the February 16, 2016 supplemental decision.  PFR File, Tab 1.  Because we find that the agency was obligated to do so, we affirm the Chief Administrative Judge's finding that the agency is in noncompliance.  Accordingly, we affirm, as modified above, the compliance initial decision granting the appellant's petition for enforcement.

¶15    Because we have found the agency in noncompliance, the agency is being directed to file evidence of compliance with the Clerk of the Board and the appellant will be afforded the opportunity to respond to that evidence.  The appellant's petition for enforcement will be referred to the MSPB's Office of General Counsel, and, depending on the nature of the submissions, an attorney with the Office of General Counsel may contact the parties to further discuss the compliance process.  The parties are required to cooperate with that individual in good faith.  Because the purpose of the proceeding is to obtain compliance, when appropriate, an Office of General Counsel attorney or paralegal may engage in ex parte communications to, among other things, better understand the evidence of compliance and/or any objections to that evidence.  Thereafter, the Board will issue a final decision fully addressing the agency's petition for review of the compliance initial decision[9] and setting forth the appellant's further appeal rights and the right to attorney fees, if applicable.

**ORDER**

¶16    We ORDER the agency to submit to the Clerk of the Board, within 20 days of the date of this Order, satisfactory evidence of compliance with this decision.

---

[9] The subsequent decision may incorporate the analysis and findings set forth in this Order.

This evidence shall adhere to the requirements set forth in 5 C.F.R. § 1201.183(a)(6)(i), including submission of evidence and a detailed narrative explaining how the appellant's back pay was calculated with an explanation of all codes and abbreviations used. The agency's submission shall demonstrate that it properly returned the appellant to the status quo ante.

¶17 **The Board will assign a new docket number to this matter, NY-0707-16-0149-X-1**. All subsequent filings should refer to the new docket number set forth above and should be faxed to (202) 653-7130 or mailed to the following address:

Clerk of the Board
U.S. Merit Systems Protection Board
1615 M Street, N.W.
Washington, D.C. 20419

Submissions may also be made by electronic filing at the MSPB's e-Appeal site (https://e-appeal.mspb.gov) in accordance with the Board's regulation at 5 C.F.R. § 1201.14.

¶18 The appellant may respond to the agency's evidence of compliance within 20 days of the date of service of the agency's submission. 5 C.F.R. § 1201.183(a)(8). If the appellant does not respond to the agency's evidence of compliance, the Board may assume that the appellant is satisfied with the agency's actions and dismiss the petition for enforcement.

¶19 The agency is reminded that, if it fails to provide adequate evidence of compliance, the responsible agency official and the agency's representative may be required to appear before the General Counsel of the Merit Systems Protection Board to show cause why the Board should not impose sanctions for the agency's noncompliance in this case. 5 C.F.R. § 1201.183(c). The Board's authority to impose sanctions includes the authority to order that the responsible agency official "shall not be entitled to receive payment for service as an employee during any period that the order has not been complied with." 5 U.S.C. § 1204(e)(2)(A).

¶20     This Order does not constitute a final order and is therefore not subject to judicial review under 5 U.S.C. § 7703(a)(1).  Upon the Board's final resolution of the remaining issues in this petition for enforcement, a final order shall be issued which shall be subject to judicial review.


FOR THE BOARD:                          /s/ for
                                 _____
                                 Jennifer Everling
                                 Acting Clerk of the Board
Washington, D.C.